ZENAS F. PLUMMER & another vs. JOSEPH ERSKINE.

*Payment—appropriation of.*

If enough of the payments made on an account be subsequently applied by the creditor to liquidate the items consisting of liquors sold in violation of law ; and a statement of the account, omitting therefrom the liquor items, and their equivalent in credits be sent to the debtor, who thereupon replies that he will pay the same—the appropriations will be deemed made by mutual assent, and they cannot be revoked without such assent.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court for the county of Cumberland.

ASSUMPSIT on account annexed for a balance of ninety-eight dollars and fifty-six cents.

At the trial the plaintiffs offered to prove that on different dates from Oct. 6, 1868, to Oct. 12, 1869, they sold and delivered to the defendant goods to the value of $2204.37, including the items specified in the account annexed to the writ, and intoxicating liquors to the amount of $345.76.

That at various times between the 17th day of Oct., 1868, and Oct. 12, 1869, the defendant paid to the plaintiffs sums of money amounting in the aggregate to $1668.60 ; that on Oct. 12, 1869, a balance was struck on the plaintiffs' books, and the defendant was found owing the plaintiffs $535.77 ; that on the 12th of Nov., 1869, the defendant paid the plaintiffs $300, and on the next day $100 ; that the plaintiffs allowed the defendant $47.21 discount on flour ; that early in 1870, three months after last payment, the plaintiffs appropriated the payments made since the striking of the balance in October, 1869, to the payment of the liquor items, and sent a statement of the account omitting the items of liquors together with the amount of credit necessary to balance them, to the defendant, who replied that he would pay the same as soon as convenient.

That subsequently the bill was sent to Damariscotta for collection ; that the defendant then offered to pay $50, and no more.

The judge ruled *pro forma,* as matter of law, that upon the evidence the plaintiffs would not be entitled to recover ; and the plaintiffs thereupon alleged exceptions.

*Geo. C. Hopkins,* for the plaintiffs.

The payments having been made generally upon account, the law applies the payments to extinguish the earliest items until the payments be exhausted, and for the remaining items the plaintiffs are entitled to recover. *McKenzie* v. *Nevins,* 22 Maine, 148 ; *Thurlow* v. *Gilmore,* 40 Maine, 380 ; *Readfield* v. *Shaver,* 50 Maine, 44 ; *Treadwell* v. *Moore,* 34 Maine, 114.

The appropriation made within three months to the liquor items, and the defendant's assent, extinguished them, and the plaintiffs may recover the balance of the account. *Treadwell* v. *Moore*, *supra*, and cases there cited. *Starrett* v. *Barber*, 20 Maine, 457–461.

*S. L. Carlton*, for the defendant.

APPLETON, C. J. The plaintiffs sold and delivered the defendants goods to the amount of $2204.37, of which $345.74 were for · spirituous liquors. On 13th Nov., 1869, there was due the plaintiffs $98.56 on a balance of the whole account.

In the early part of 1870, the plaintiffs appropriated enough of the payments received to liquidate the bill of liquors, and sent a statement of their account, excluding therefrom the bill for the liquors, to the defendant, who replied that he would pay the same. The account not being paid, this suit was commenced July 25, 1870. The account annexed to the writ is the same forwarded the defendant, and which he promised to pay.

It has been repeatedly held, that in a suit upon an account, some of the items of which were for spirituous liquors sold in violation of law, that after suit brought, the plaintiff might amend by striking out the items for liquor, and recover on the account thus amended. *Drew* v. *Blake*, 38 Maine, 528 ; *Boyd* v. *Eaton*, 44 Maine, 51.

The law is well settled that a debtor, making a payment, may determine conclusively the appropriation of such payment. By receiving the money, the creditor assents to such appropriation, and cannot change it.

If the debtor neglects to state any specific claim to which his payment shall be applied, his right to control its application is gone, and it remains for the creditor to determine the application. This he may do at any time. *Mayor of Alexandria* v. *Patten*, 4 Cranch. 268. In *Starrett* v. *Barber*, 20 Maine, 457, it was held that the appropriation must be made within a reasonable time, and that one three months before the commencement of the suit was seasonably made. The weight of judicial authority seems to be, that the creditor, when the right of appropriation has devolved upon him, may

make it at any time before suit brought.  *Philpott* v. *Jones*, 2 A. & E. 41; *Mills* v. *Fowkes*, 5 Bing. 455; *Moss* v. *Adams*, 4 Iredell's Eq. 42.

It would seem that if the debtor should neglect to make any appropriation at the time of payment, that the creditor might apply the money received, in payment of a demand which could not be enforced at law in preference to one which could be.  *Philpott* v. *Jones*, 2 A. & E. 41; *Treadwell* v. *Moore*, 34 Maine, 112.  ·But if this were doubtful, it is well settled the creditor may make such application, with the consent of the debtor, and that when made, he cannot revoke such consent.  *Richardson* v. *Woodbury*, 12 Cush. 279.  Where an account consisted in part of charges for liquor sold in violation of law, and there were payments credited on the account, and it had been agreed between the parties that the payments as they were made should be applied first upon the charges for liquor sold, it was held that though the agreement was one which could not be enforced, and though the amount paid for the liquors could be recovered back by statute, in a suit for that purpose, yet so far as the payments had been so already applied under the agreement, they could not be diverted from that application, and applied to other items of the account.  *Tomlinson Carriage Co.* v. *Kinsella*, 31 Conn. 269.

The plaintiff made his application of the payments received long before the suit was brought.  He duly advised the defendant thereof.  He stated his account upon the basis of such application.  The defendant promised to pay the same as thus stated.  The application of the payments having been made by mutual assent, it cannot be revoked or changed without such assent.

It is true, that an appropriation once made by the party having the right to make it, is binding.  But it is equally true, that it may be changed by mutual agreement; when the payments have been applied in conformity with such new agreement, the application is equally conclusive as if made when the money was received.

If the defendant has a right by statute to recover back money paid for liquors sold in violation of law, he must resort to his ac-

tion. If he could offset the money so paid in answer to this suit, he has not attempted to do it by filing any claim in offset.

*Exceptions sustained.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.